IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORMAN D. GRAY and
LAWANA L. GRAY,

    Plaintiffs,

v.

SETERUS, INC., and THE
FEDERAL MORTGAGE
ASSOCIATION,

    Defendants.

Civ. No. 6:13-cv-1805-MC

ORDER

MCSHANE, Judge:

For the reasons set forth below, Defendant Fannie Mae's Motion for Summary Judgment [#91] is **GRANTED in part**, Defendant Seterus' Motion for Summary Judgment [#95] is **GRANTED in part**, and Plaintiffs' Motion for Summary Judgment [#96] is **DENIED**. Defendant Fannie Mae is dismissed as a party to this lawsuit. A three day bench trial for the remaining claims against Defendant Seterus is set for June 12, 2017.

1 –ORDER

# **BACKGROUND**

Plaintiffs Norman & Lawana Gray filed this action against defendants Seterus, Inc. and the Federal National Mortgage Association ("Fannie Mae"), seeking damages for alleged violations of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, Title VII of the Civil Rights Act of 1968/Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3631, and breach of contract (breach of the covenant of good faith & fair dealing and promissory estoppel). Defendant Fannie Mae's Motion for Summary Judgment [#91], has been joined and adopted in Defendant Seterus' own Motion for Summary Judgment [#95]. The Plaintiffs also filed a Motion for Summary Judgment [#96]. Oral arguments were heard on all three motions on 9/9/2016 [#122]. This court has jurisdiction under 28 U.S.C. § 1331 and 1367.

There is little factual dispute in this case. In 2003 the Grays took a mortgage for their Lane County home from the lender "Green Point Mortgage," who then sold the loan to Fannie Mae. Seterus is the loan Servicer for Fannie Mae. When the Grays originally secured this loan, they used Norman's brother (Howard Gray) as a cosigner in order to qualify. Howard filed for Chapter 7 bankruptcy in 2009 and Quit Claimed his interest in the property to the Plaintiffs on July 8, 2011. In Howard's bankruptcy proceedings, his obligation on the mortgage was discharged without reaffirming the debt. Howard does not live in Oregon, has never lived on the property, and has never contributed toward any mortgage payments. [*Id*].

In September 2010, Lawana Gray applied for a loan modification and mortgage assistance from Seterus based solely on her and her husband's finances. The Grays were ultimately granted a trial payment plan (TPP) beginning October 1, 2010. In December 2010, Seterus offered the Grays a permanent modified plan under the Home Affordable Modification Program (HAMP), if they accepted it by January 31, 2011. The Grays believe they in fact

2 –ORDER

accepted the offer on or about January 25, 2011, but interlineated the acceptance documents to remove Howard's name, replacing it with that of Lawana's because Howard was no longer involved (not to mention bankrupt) and their TPP had been accepted without him. The Grays made payments under the new plan through May of 2011. [*Id*].

This mortgage was subject to "double-tracking," wherein a borrower requests mortgage assistance and the servicer, while reviewing the request, continues to proceed with foreclosure. Seterus completed a non-judicial foreclosure sale on January 19, 2011, which was 16 days after accepting the Gray's January 2011 payment under the new permanent modification plan and 12 days before the Grays had been given to execute and return the documents. Seterus rescinded Plaintiffs' modification without notice and later verbally claimed that they did so because the acceptance documents had been improperly changed by removing Howard's name and replacing it with Lawana's. This appears to be a justification in hindsight, as the documents from the Gray's did not arrive at Seterus' office until 7 days after Seterus had made the sale. The Grays claim that Seterus rescinded the modification in retaliation for their raising concerns regarding the foreclosure sale after they made their January payment and before they were required to return the permanent modification acceptance forms.

Seterus did not offer Plaintiffs any further loan modifications, even though the Grays allegedly qualified for a HAMP modification and mortgage assistance. The Grays received help from a HUD counselor and an attorney, but Seterus and Fannie Mae were allegedly reluctant to communicate with them or with the Grays themselves. The Grays filed this lawsuit in October of 2013. [*Id*].

3 –ORDER

## STANDARD OF REVIEW

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonably jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air., Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995) (citing *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994)). On a motion for summary judgment, "the moving party bears the initial burden to show the absence of a material and triable issue of fact; the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P (56)(c). Where the non-moving party bears the burden of an issue at trial and the motion challenges that issue, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Crane v. Allen*, No. 3:09-cv-1303-HZ, 2012 WL 602432, at *2 (D. Or. Feb. 22, 2012).

Though all inferences should be drawn in favor of the non-moving party, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 247-48. Rather, the non-moving party must proffer evidence that could reasonably affect the outcome of the suit. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). The substantive law determines whether a disputed fact is material. *Richards*, 810 F.2d at 902.

4 –ORDER

# DISCUSSION

**Merrill Doctrine:**

Defendant Fannie Mae correctly claims in their Motion for Summary Judgment that they are immune from the plaintiffs' claims and should be dismissed as a defendant in this action under the *Merrill* Doctrine (see *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947). They claim that the *Merrill* Doctrine shields them from liability because they are a "federal instrumentality" in the context of this case. [#91 at pp.12-13].

Although it is true that there is no case *directly* on point, the Ninth Circuit has ruled that an entity such as Fannie Mae may be a federal instrumentality in some circumstances and not in others. *U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1261 (9th Cir. 2016). Because of the lack of caselaw, this Court had to look outside the Circuit for guidance on this issue. In *Hinton v. Fed. Nat'l Mortg. Ass'n*, the 5th Circuit court found that under the *Merrill* doctrine, Fannie Mae could not be held liable for the acts of servicers that it had not expressly authorized. *Hinton v. Fed. Nat'l Mortg. Ass'n*, 945 F. Supp. 1052, 1060 (S.D. Tex. 1996), *aff'd*, 137 F.3d 1350 (5th Cir. 1998). This finding that Fannie Mae is a federal instrumentality for the purposes of the *Merrill* doctrine has been echoed in other cases, which have found that the *Merrill* doctrine applies in both contract and statutory tort based claims. See *Cannon v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 1025, 1034-35 (N.D. Cal. 2013); *Paslowski v. Std. Mortg. Corp. of Georgia*, 129 F. Supp. 2d 793, 804-05 (W.D. Pa. 2000).

Based on these cases, the Court finds that Fannie Mae is a federal instrumentality for purposes of the *Merrill* doctrine and are immune from plaintiff's claims. Plaintiffs have failed to provide any evidence that Fannie Mae authorized any of the alleged misconduct by co-defendant Seterus. See *Hinton*, 945 F. Supp. at 1060; *Cannon*, 917 F. Supp. 2d at 1033 (applying the

5 –ORDER

Merrill doctrine to dismiss claims against Fannie Mae for the acts of its servicer, without deciding whether the servicer was Fannie Mae's agent). Therefore, Defendant Fannie Mae's Motion for Summary Judgment is **granted in-part** (with regard to their reliance on the *Merrill* doctrine), and they are dismissed as a defendant in this case.

### Disparate Impact Claims:

Defendant Seterus argues that they should be granted summary judgment on all of plaintiffs' disparate impact claims because there is inadequate statistical evidence to support them. [#91 at p.27]. Under the FHA, in order to prove disparate impact, a plaintiff must show that a practice will result in an actual or predicable disparate effect. 24 C.F.R. §100.500(a). Upon such showing, the burden shifts to Defendants to show a legally sufficient justification. 24 C.F.R. §100.500(b).

A disparate impact claim can be made when the regulation or policy, or its implementation, is clearly discriminatory across one or more classes. 24 C.F.R. §100.500. An actual statistical analysis is unnecessary to sustain the claims under a disparate impact theory. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The plaintiffs claim that the policies and culture at Seterus are enough to suggest there is a disparate impact on non-married, co-owners/co-borrowers who are forced to cooperate for the remaining term of their loans despite potential estrangement because they can never produce the required divorce decree. [#106 at p.36]. Defendants' motion in regards to Plaintiffs' disparate impact claims is DENIED.

**ECOA Claims:**

The Defendants move to dismiss Plaintiffs' claims arising under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, for violations of the *adverse action notification* regulation (12 C.F.R. § 1002.9), the *discouragement* regulation (12 C.F.R. § 1002.4(b)), the *inquiry* regulation (12 C.F.R. § 1002.5(b) & (b)(2)), the *marital status inquiry* regulation (12 C.F.R. § 1002.5(d)), and the *evaluation* regulation (12 C.F.R. § 1002.6(b)(8)). [#91 at pp.24-34]. All claims predicated upon any alleged discrimination based on "disability" have been previously dismissed, as this Court has already ruled that "disability" is not a protected class under the ECOA. [#19 at p.5].

The Defendants move against plaintiffs' claims alleging a violation of the ECOA's *adverse action notification* regulation because there was no permanent modification and thus no requirement that Seterus send an adverse action notice after the *Plaintiffs* rejected the proposed HAMP Agreement by "altering" it. [#91 at p. 33]. Plaintiffs argue that Seterus actually *granted* the Plaintiffs permanent modification in the HAMP agreement, and then did not honor it and did not provide Plaintiffs with an adverse action notice as required by the ECOA. [#106 at pp.29-34]. Either scenario is plausible and genuine issues of material fact remain to be determined at trial. Therefore, defendants' motion as to plaintiffs' claims based on alleged violations of the ECOA's adverse action notification regulation is DENIED.

Defendants move to dismiss plaintiffs' claims based on alleged violations of the ECOA's *discouragement* regulation. [#91 at pp.30-31]. Defendants argue that they followed the rules for offering and making loan modifications at all times. The plaintiffs argue that servicers engaged in practices that harmed consumers and discouraged them from completing modification applications. For example, the plaintiffs argue that Seterus had inadequately trained staff to

7 –ORDER

handle the volume of loss mitigation workout requests, and that one modification request was never responded to or acknowledged by Seterus. [#106 at p.37]. Plaintiff Lawna Gray has also testified that she felt deterred on several occasions. (Gray Decl., par. 3 and 5, Holm Decl, Ex. 10, Gray Depo., 30:8-16).

The discouragement claim presents a material factual dispute. Therefore, defendants' motion to dismiss plaintiffs' claims based on alleged violations of the ECOA discouragement regulation is DENIED.

Defendants move to dismiss plaintiffs' claims based on alleged violations of the ECOA's *inquiry* and *marital status inquiry* regulations. [#91 at p.32]. Defendants argue that these claims fail because plaintiff Lawna Gray testified that Seterus employees did not ask about her marital status. (Holm Decl. Ex. 10 (Lawana Tr. Vol. II) at 27:11-28:5). Because this fact is not disputed in the record, Defendants' motions to dismiss Plaintiffs' claims based on the ECOA's inquiry and marital status inquiry regulations are GRANTED and these claims are DISMISSED.

Defendants move to dismiss plaintiffs' claims based on alleged violations of the ECOA's *evaluation* regulation. [#91 at pp.33-33]. Defendants argue that "reference to the term "divorced" in Seterus' Job Aid does not violate the ECOA evaluation regulation, and that there is no allegation, let alone evidence, that Seterus treated the married Plaintiffs differently than unmarried individuals in the evaluation of their modification request." [*Id*]. Plaintiffs failed to respond to defendants' motion on this claim in their Response Brief. [#106]. Therefore, defendants' motion to dismiss plaintiffs' claims based on alleged violations of the ECOA evaluation regulation is GRANTED and this claim is dismissed.

8 –ORDER

**FHA Claims:**

The Defendants also move to dismiss Plaintiffs' claims arising under Title VII of the Civil Rights Act of 1968/Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3631, under disparate impact and disparate treatment theories. [#91 at pp.24-36].

The Plaintiffs' primary FHA violation claim is based on the allegation that Seterus failed to properly advise them whether Howard Gray (the brother) would or would not have to participate in the modification process. [#106 at p.39]. Defendants argue that the Grays never advised Seterus that Howard would not be part of a modification.

This is an issue of factual dispute. Seterus' servicing notes show that Ms. Gray *did* tell them of the situation in a phone call: In Seterus' August 16, 2010 notes it states that Ms. Gray spoke to an individual named "Simas," who noted:

"GVE them HUD Phone and our website, RFC: FU on loan workout, FRD: Curtailment of income, do not have HOA, CAOO. Said cust 1 is her husband brother, not in contact, he does not l[i]ve there, and he is the one file for BK and BC. AVD file need to handle by team 12. It appear we have all docs to review for HAMP." (Carusone Decl., Ex. 18, p. 1-2; Gray Decl., par. 2).

Defendants' motion for summary judgment on plaintiffs' FHA violation claims (24 C.F.R 100.120 (b)) are DENIED.

Defendants' motion for summary judgment on plaintiffs' FHA claims based on alleged violations of the FHA's discouragement regulation (24 C.F.R. § 100.120(b)(2)) is also DENIED for the reasons stated in the discussion above regarding Plaintiffs' ECOA discouragement regulation.

9 –ORDER

**Breach of Contract Claims:**

Implied in every contract is a covenant of good faith and fair dealing. *Morrow v. Red Shields Ins. Co.,* 212 Or. App. 653, 661 (2007). An alleged breach of the covenant is a breach of contract claim. *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 333 Or. 304, 310-13 (2002). In this case, a factual dispute remains as to the status of the loan modification contract and whether or not there was a breach, and if so, by which party.

The plaintiffs allege that Seterus took actions contrary to the Servicing Guide, and committed violations of the ECOA and the FHA, while breaching their contract with the plaintiffs. In September 2010, Lawana Gray applied for a loan modification and mortgage assistance from Seterus based solely on her and her husband's finances. The Grays were ultimately granted a trial payment plan (TPP) beginning October 1, 2010. In December 2010, Seterus offered the Grays a permanent modified plan under the Home Affordable Modification Program (HAMP), if they accepted it by January 31, 2011. The Grays believe they accepted it on or about January 25, 2011, but interlineated the acceptance documents to remove Howard's name and replaced it with Lawana's because Howard was no longer involved (not to mention bankrupt) and their TPP had been accepted without him. The Grays allegedly made payments under the new plan through May of 2011.

Further, the Plaintiffs argue that in this case, Fannie Mae was not disclosed to Grays as a party to the loan modification agreement. Instead, Seterus purported to be the party entering into the loan modification with the Grays, as is evidenced by the fact that Seterus is named as a party to the modification agreement. [#106 at p.44].

10 –ORDER

The Plaintiffs claim that a valid contract was in force after execution and acceptance by the Grays, who merely "*corrected*" the loan modification agreement when they signed and returned it per Seterus's instructions (without brother Howard Gray's signature). The Defendants claim the offer was rejected by a counteroffer when she "*altered*" the contract and that a valid HAMP modification agreement contract was never in force or accepted. Questions of fact remain as to whether a contract existed, and if so, whether Seterus violated their duty under the covenant of good faith and fair dealing, resulting in a breach of contract.

In regards to the Plaintiff's claim for breach of contract under a promissory estoppel theory (claim 4), factual issues remain to be determined at trial as to whether or not there was a promise to modify the loan and if so what the applicable terms were. Plaintiffs' claims for breach of contract under a promissory estoppel theory are viable and Defendant Seterus' Motion for Summary Judgment [#95] on this claim is denied. The Defendants claim that the modification agreement was correctly prepared and that they intended to include Howard Gray (the brother) as a necessary party to the contract. As discussed above and on the record during oral arguments, the plaintiffs claim he was not as necessary party and that a valid contract existed and was accepted *without* his signature. The defendants argue it was not a valid contract, leaving factual issues remaining to be tried.

Because a trier of fact could find Seterus liable for breach of contract under both theories (good faith and fair dealing and promissory estoppel), Defendant Seterus' Motion for Summary Judgment [#95] is DENIED.

11 –ORDER

**Punitive Damages:**

As discussed on the record during oral arguments, defendant Fannie Mae is indeed immune from punitive damages under 12 U.S.C. § 4617(j). Also see: *Nevada ex rel. Hager v. Countrywide Home Loans Servicing, LP,* 812 F. Supp. 2d 1211, 1218 (D. Nev. 2011); *Mwangi v. Fed. Nat'l Mort. Ass'n,* No. 4:14-cv-0079, slip op. at 25 (N.D. Ga. Mar. 9, 2015); *Fed. Hous. Fin. Agency v. City of Chicago,* 962 F. Supp. 2d 1044, 1064 (N.D. Ill. 2013).

**Evidentiary Objections:**

In the Defendants' Reply brief in support of their Motion for Summary Judgment, ten evidentiary objections were made [#112 at pp.10-17]. During oral arguments [#122], this Court granted the objections to exhibits 24 and 28 of the Carusone Declaration, for the reasons stated on the record. [#122]. The eight remaining objections will be deferred and dealt with through pretrial motions at the pretrial conference.

**Plaintiffs' Motion for Summary Judgment:**

After the defendants filed their Motions for Summary Judgment, the Plaintiffs filed their own competing Motion for Summary Judgment [#96], requesting this court grant them partial summary judgment as to liability and reserving only the issue of damages for trial, on plaintiffs' claims one, two, and four. They also request summary judgment as to Defendants' 5th, 6th, and 11th affirmative defenses. [*Id* at pp.2-3].

In most aspects, Plaintiffs' Motion for Summary Judgment is really a competing cross-motion on the same issues already addressed in the discussion of the Defendants' summary

12 –ORDER

judgment motions. Therefore, as discussed above and on the record during oral arguments, Plaintiffs' motions for summary judgment on claims one, two, and four are **DENIED**.

Likewise, in regards to Plaintiffs' motions for summary judgment on Defendants' 5th, 6th, and 11th affirmative defenses, these too are **DENIED** because Fannie Mae has been dismissed as a defendant in this case due to their status as a federal instrumentality under the *Merrill doctrine* as discussed above.

## CONCLUSION

For these reasons, Defendant Fannie Mae's Motion for Summary Judgment [#91] is **GRANTED in part**, Defendant Seterus' Motion for Summary Judgment [#95] is **GRANTED in part,** and Plaintiffs' Motion for Summary Judgment [#96] is **DENIED**, as discussed above. Defendant Fannie Mae is dismissed as a party to this lawsuit. A three day bench trial for the remaining claims against Defendant Seterus is set for June 12, 2017.

IT IS SO ORDERED.

DATED this 8th day of February, 2017.

_____
**Michael J. McShane**
**United States District Judge**